UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID H. BROOKS,

                      *Plaintiff*,

    -- against --

HENRY E. MAZUREK, ESQ.,

                      *Defendant*.
------------------------------------------------------------X

Case No. 07 CV 3527

**NOTICE OF REMOVAL**

**JURY TRIAL DEMANDED**

RECEIVED MAY 02 2007 U.S.D.C. S.D.N.Y. CASHIERS

**PLEASE TAKE NOTICE** that, on this date, Defendant HENRY E. MAZUREK, ESQ., by his undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. § 1446(a), in the Office of the Clerk of the United States District Court for the Southern District of New York.

Defendant Henry E. Mazurek, Esq. ("Defendant"), through his undersigned attorneys, shows:

1.    Plaintiff David H. Brooks ("Plaintiff") brought an action in the Supreme Court of New York State, New York County, filing a Summons and Verified Complaint on April 18, 2007. A true copy of the Summons and Verified Complaint, Index No. 601272/07, is annexed hereto as Exhibit A.

2.    Defendant's attorneys, Judd Burstein, P.C., accepted service, via e-mail, of the Summons and Verified Complaint on May 1, 2007.

3.    To Defendant's knowledge, there have been no other proceedings in the above-captioned Action.

4.    On information and belief, Plaintiff is a citizen of the State of New York (as identified in the Verified Complaint), or alternatively, is a citizen of the State of Florida.

5.    Defendant is a citizen of the State of New Jersey.

6.    The amount in controversy, as asserted by Plaintiff, is in excess of $75,000.

7.  This Court would have had original jurisdiction of the matter pursuant to 28 U.S.C. § 1332.

8.  This matter is therefore properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

9.  This notice is timely filed pursuant to 28 U.S.C. § 1446(b) as thirty days has not yet elapsed since the date upon which Plaintiff served a copy of the Summons and Verified Complaint upon Defendant's attorneys, Judd Burstein, P.C.

**PLEASE TAKE FURTHER NOTICE** that Defendant, upon filing the Notice of Removal in the Office of the Clerk of the United States District Court for the Southern District of New York, has also filed copies of the Notice with the Clerk of the Supreme Court of New York State, New York County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(a).

Dated: New York, New York
       May 2, 2007

Yours etc.

JUDD BURSTEIN, P.C.

By:_____
    Judd Burstein (JB-9585)
1790 Broadway, Suite 1501
New York, New York 10019
Tel:  (212) 974-2400
Fax:  (212) 974-2944
*Attorneys for Defendant Henry E. Mazurek, Esq.*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
DAVID H. BROOKS

                            Plaintiff,

    -against-

HENRY E. MAZUREK, ESQ.,

                            Defendant.
-----------------------------------------------------------------x

Index No. 601272/07
Date Filed 4/18/07

**SUMMONS**

Plaintiff designates
New York County as
the place of trial

Basis of Venue:
Venue Selection Clause

To the above named Defendant:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Basis of Venue designated: The parties' agreement provides for the exclusive jurisdiction of the Courts located in the State of New York, County of New York.

Dated:    New York, New York
            April 17, 2007

                                    **WARNER & SCHEUERMAN**
                                    Attorneys for Plaintiff
                                    David H. Brooks

                         By: _____
                                    Jonathon D. Warner
                                    6 West 18th Street, 10th Floor
                                    New York, New York 10011
                                    (212) 924-7111

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
DAVID H. BROOKS,

                Plaintiff,                    **VERIFIED COMPLAINT**

           -against-                            Index No.

HENRY E. MAZUREK, ESQ.,

                Defendant.
------------------------------------------------------------------X

        Plaintiff David H. Brooks, by his attorneys Warner & Scheuerman, for his Verified Complaint, alleges as follows:

### FOR A FIRST CAUSE OF ACTION

        1.    At all relevant times, plaintiff David H. Brooks ("Brooks") was and still is a resident of the County of Nassau, State of New York.

        2.    Upon information and belief, at all relevant times, defendant Henry E. Mazurek, Esq. ("Mazurek") was and still is an attorney licensed to practice law in the State of New York.

        3.    In or about November 2006, Brooks and Mazurek entered into an agreement wherein Mazurek agreed, among other things, to represent Brooks on a "general retainer" basis for a period of three (3) years; to promptly and professionally perform all legal services requested by Brooks during the ensuing three (3) year period of time; and to reduce his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances.

4. In consideration for Mazurek's promise to, among other things, promptly and professionally perform all legal services requested by Brooks for a period of three (3) years and to reduce his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances, Brooks agreed to pay Mazurek an initial retainer in the amount of One Million ($1,000,000.00) and 00/100 Dollars for the first year of the parties' agreement (the "Retainer").

5. On or about November 14, 2006, and in furtherance of the parties' agreement, Brooks paid Mazurek the Retainer in the amount of One Million ($1,000,000.00) and 00/100 Dollars.

6. Mazurek has breached the parties' agreement by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

7. Notwithstanding his breach of the parties' agreement and resignation as Brook's attorney long before the expiration of one (1) year, Mazurek has refused to return the Retainer.

8. By reason of the foregoing, Brooks is entitled to damages from Mazurek in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

## SECOND CAUSE OF ACTION

9. Plaintiff repeats every allegation in paragraphs "1" through "7."

10. As his attorney, Mazurek owed a fiduciary duty to Brooks to act in good faith and to, among other things, remain fully available to Brooks for a period of three (3) years as contemplated and agreed.

11. Mazurek breached his fiduciary duty to plaintiff by failing to act in good faith and by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

12. By reason of the foregoing, Brooks is entitled to damages in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

### THIRD CAUSE OF ACTION

13. Plaintiff repeats every allegation set forth in paragraphs "1" through "7."

14. Upon entering into the agreement with Brooks, Mazurek agreed to act in good faith towards and to deal fairly with Brooks.

15. Mazurek breached the implied covenant of good faith and fair dealing by, among other things, failing to make himself available as contemplated and agreed; failing to remain available for the full contractual term; resigning as Brooks' attorney in or about February 2007; failing to promptly and professionally perform all services requested by Brooks; failing to limit his representation of other clients in order to make himself fully available to Brooks and able to promptly and professionally perform all requested services with that degree of professional care and expertise required under the circumstances; and engaging in conduct which compromised the attorney-client relationship including, but not limited to, conduct adversely reflecting on Mazurek's fitness as an attorney.

16. By reason of the foregoing, Brooks is entitled to damages in the amount of One Million ($1,000,000.00) and 00/100 Dollars, no part of which has been paid, although duly demanded.

**WHEREFORE**, plaintiff David H. Brooks demands judgment against defendant Henry E. Mazurek, Esq., as follows:

    a. On the first cause of action for breach of contract, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

    b. On the second cause of action for breach of fiduciary duty, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

    c. On the third cause of action for breach of the implied covenant of good faith and fair dealing, in the sum of One Million ($1,000,000.00) and 00/100 Dollars;

    d. Interest from November 14, 2006; and

    e. Costs and disbursements.

              **WARNER & SCHEUERMAN**
              Attorneys for Plaintiff
              David H. Brooks

       By: _____
              Jonathon D. Warner
              6 West 18th Street, 10th Floor
              New York, New York 10011
              (212) 924-7111

## ATTORNEY'S
## VERIFICATION

Jonathon D. Warner, an attorney admitted to practice law before the courts of the State of New York, affirms the truth of the following under the penalties of perjury:

I am a member of the firm Warner & Scheuerman, attorneys for plaintiff, and I am fully familiar with the facts and circumstances herein.

I have read the foregoing Complaint and know the contents to be true to my own knowledge except as to matters therein alleged on information and belief, and, as to those matters, I believe them to be true.

The sources of my information are my conversations with plaintiff and my review of the records and information contained in the files in our office.

The reason this verification is made by me and not by plaintiff is that plaintiff does not reside within the County of New York which is the County where I maintain my office.

Dated:   New York, New York
         April 17, 2007

                                              JONATHON D. WARNER

STATE OF NEW YORK           )
                            ) ss.:
COUNTY OF NEW YORK          )

      **PAUL GUZMAN**, being sworn, deposes and says:

      The deponent is not a party to this action, is over 18 years of age and resides in Rego Park, New York. On May 9, 2007 I served the within Notice of Removal

      Jonathan D. Warner, Esq.
      Warner & Scheuerman
      6 West 18th Street, 10th Floor
      New York, New York 10011
      212-924-6111

by sending a true copy thereof to them by **FACSIMILE** at the number indicated and by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, by regular mail in a post office/official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

                                                          PAUL GUZMAN

Sworn to before me this
9th of May, 2007

_____
Notary Public

ALEXANDER M. LEVY
Notary Public, State of New York
No. 02LE6100900
Qualified in New York County
Commission Expires 11/03/2007